# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT DALE OGDEN,

        Defendant.

Case Number:  20-CR-136-JFH

## ORDER REGARDING GOVERNMENT'S NOTICE OF INTENT TO ADMIT EVIDENCE OF OTHER CHILD MOLESTATION

Now before the Court is the Notice of Intent to Admit Evidence of Other Child Molestation ("Notice") [Dkt. No. 33] and Supplemental Notice of Intent to Admit Evidence of Other Child Molestation ("Supplemental Notice") [Dkt. No. 48] filed by the United States of America (the "Government").  The Government originally filed the Notice seeking to introduce evidence of prior acts of child molestation by Defendant Robert Ogden ("Defendant") pursuant to Federal Rules of Evidence 404(b) and 414.  Dkt. No. 33 at 13 and 21.  The Notice did not delineate under which Rule the Government sought to introduce the evidence.  *See* Dkt. No. 33.  Defendant filed a Response in opposition to the Notice arguing the proffered evidence did not meet the definition of child molestation.  Dkt. No. 43.  The Court set the matter for an evidentiary hearing on February 24, 2021.  Dkt. No. 37.

At the hearing, the Court invited the Government to file a supplemental notice to distinguish under which Rule or theory the Government sought to introduce each act.  The Government filed a Supplemental Notice on February 25, 2021.  Dkt. No. 48.  As will be explained in more detail below, the Supplemental Notice more specifically distinguished the evidence the Government seeks to introduce pursuant to Rule 414 from the evidence it seeks to introduce pursuant to 404(b) or otherwise introduce as "res gestae."  *See id.*

The Court entered an Order on February 25, 2021 whereby it set the matter for an evidentiary hearing on March 1, 2021 and also allowed the Government to submit evidence relevant to the acts it seeks to introduce pursuant to Rule 414. Dkt. No. 49. In response, the Government submitted documents under seal in support of its Notice and Supplemental Notice, including a video interview of A.P. as wells as an FBI 302 report documenting additional statements of A.P. Dkt. No. 52. The Defendant filed a Response and Objection to the Government's Supplemental Notice. Dkt. No. 55. The Court held an additional hearing on March 1, 2021.

## BACKGROUND

On December 17, 2020, an Indictment charging Defendant with two counts of abusive sexual contact with a child in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, 2244(a)(3) and 2246(3) was filed. Dkt. No. 2. The allegations upon which Count One of the Indictment is based are as follows: From in or about May, 2019 to in or about June, 2019, within the Eastern District of Oklahoma, in Indian County, the defendant, Robert Dale Ogden, an Indian, did knowingly engage in and cause sexual contact as defined in Title 18, United States Code, Section 2246, with A.P., a person who had attained the age of 12 years but had not attained the age of 16 years and is at least four years younger than the person so engaging, to wit: intentionally touching, directly and through the clothing, of the breast, with an intent to abuse, humiliate, harass, degrade, arouse, and gratify the sexual desire of any person, in violation of Title 18, United States Code, Sections 1151, 1153, 2244(a)(3), and 2246(3). Dkt. No. 2.

The allegations upon which Count Two of the Indictment is based are as follows: On or about June 26, 2019, within the Eastern District of Oklahoma, in Indian Country, the defendant, Robert Dale Ogden, an Indian, did knowingly engage in and cause sexual contact as defined in

Title 18, United States Code, Section 2246, with A.P., a person who had attained the age of 12

years but had not attained the age of 16 years and is at least four years younger than the person so

engaging, to wit: intentionally touching, directly and not through the clothing, of the inner thigh,

with an intent to abuse, humiliate, harass, degrade, arouse and gratify the sexual desire of any

person, in violation of Title 18, United States Code, Sections 1151, 1153, 2244(a)(3) and 2246(3).

Dkt. No. 2.

The Government seeks to introduce sixteen instances of conduct pursuant to Rule 414,

Rule 404(b) or "res gestae." *See* Dkt. No. 48. The Government seeks to introduce the following

evidence pursuant to Rule 414:

> 1.  A.P. said that one time [Defendant] touched her breast and A.P. told him not to.
> The defendant apologized and said it was an accident.
>
> 2.  A.P. said that when she was 14 years old, before their trip to Florida, the
> defendant started touching her between her legs.
>
> 3.  A.P. said that the defendant would usually enter the room wearing a robe and
> rub her breasts and between her legs.
>
> 4.  On June 26, 2019 (the date of the charged offenses), the defendant had just
> finished rubbing her breasts when her mother caught him rubbing his hand between
> her legs.

*Id.* at 2-3. At the March 1, 2021 hearing, the Government confirmed these acts are alleged in

addition to the acts set forth in Counts 1 and 2 of the Indictment.

The Government seeks to introduce the following evidence under the doctrine of "res

gestae:"

> 1.  A.P. said that the defendant had been coming into her bedroom in the mornings
> to tell her bye before he left for work. A.P. said that the defendant used lotion
> sometimes to rub her back.
>
> 2.  A.P. also reported that when she was younger, the defendant would have her sit
> on his lap while he was wearing a robe, he would say, "I love you" and he would
> touch her leg.

3

3.  The defendant touched her on top of her underwear after he had taken her pants off.

4.  The defendant also removed her bra.

5.  The defendant would take her clothes off or make her take her clothes off and then play a game called, "catch me," in which he would chase her around the house grabbing and tickling her.

6.  A.P. also reported that when she was little, the defendant would not let her use the bathroom with the door closed.

7.  When she was little, the defendant was always grabbing and pinching her butt.

8.  Also when she was little, if she was crying [Defendant] would stick his thumb down her throat until she stopped crying.

9.  A.P. said that the defendant would wrestle with her, holding her down.  He would hold her arms above her head and sit on her.  He would tickle her up her side underneath her shirt.  She would scream and the defendant would yell at her.

10.  A.P. threatened to tell her mother, but the defendant said he would kill her dog if she told.

11.  The defendant also called her names like, "stupid little bitch" and "asshole."

12.  Sometimes she slept only in her bra and underwear and sometimes with no bra.  A.P. slept in the hottest room of the house and the defendant would not let her leave the fan on at night.

*Id.* at 5-7.  The Government contends the Defendant's alleged conduct when taken together provides the context for the crime and are inextricably intertwined with the charged abuse.  *Id.* at 4.

The Government also seeks to introduce the following evidence pursuant to Rule 404(b):

1.  A.P. said that the defendant had been coming into her bedroom in the mornings to tell her bye before he left for work.  A.P. said that the defendant used lotion sometimes to rub her back.

2.  A.P. also reported that when she was younger, the defendant would have her sit on his lap while he was wearing a robe, he would say, "I love you" and he would touch her leg.

3.  The defendant touched her on top of her underwear after he had taken her pants off.

4

4. The defendant also removed her bra.

*Id.* at 3. The Government argues this evidence demonstrates motive, opportunity, intent, preparation, plan, knowledge and absence of mistake or accident. *Id.*

## AUTHORITY

### I.   Rule 414.

The Federal Rules of Evidence generally prohibit "the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." *United States v. Benally*, 500 F.3d 1085, 1089 (10th Cir. 2007) (citing Fed. R. Evid. 404(a)). However, Rule 414(a) provides that:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

While courts are to liberally admit such evidence,[1] the Tenth Circuit instructs that "evidence of a prior sexual assault [or child molestation] must meet three threshold requirements before it may be considered for admission: (1) the defendant is accused of a crime involving sexual assault or child molestation; (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and (3) the evidence is relevant." *Benally*, 500 F.3d at 1090; *see also United States v. Mercer*, 653 Fed. App'x 622, 626 (10th Cir. 2016) (unpublished) (applying these factors to child molestation).[2] Relevant evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less than it would be without the evidence." Fed. R. Evid. 401. However, even

---

[1] *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997); *Benally*, 500 F.3d at 1090; *United States v. Grigsby*, No. CR-06-47, 2007 WL 9747765, at *1 (E.D. Okla. Jan. 26, 2007).

[2] This and all other unpublished decisions are not precedential; they are cited for their persuasive value only. *See* FED. R. APP. 32.1; 10TH CIR. R. 32.1.

relevant evidence under Rule 414 "is subject to the Rule 403 balancing test, which permits the exclusion of relevant evidence, if its probative value is substantially outweighed by the danger of unfair prejudice.'" *Benally*, 500 F.3d at 1090 (quoting Fed. R. Evid. 403)).

> In applying the Rule 403 test to Rule 414 evidence, the district court should weigh "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence" against "1) how likely [it is] such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*Mercer*, 653 Fed. App'x. at 626 (quoting *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1988)). Under the second *Enjady* factor, how probative the evidence is of the material fact it is admitted to prove, courts consider five additional subfactors: "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *Mercer,* 653 Fed. App'x at 627 (quoting *Benally*, 500 F.3d at 1090-91)).

The district court must make a "clear record" of its findings as to the Rule 403 balancing test. *Benally*, 500 F.3d at 1091 (internal quotation omitted). In doing so, an evidentiary hearing is preferred. *See id.* at 1088 (district court affirmed after holding an evidentiary hearing for uncharged offense); *see also United States v. Nieto Regalado,* No. 19-CR-114, 2019 WL 5783730, at *3 (N.D. Okla. Nov. 6, 2019). Further, "[i]n applying the *Enjady* test, no single factor is dispositive." *Mercer*, 653 Fed. App'x at 626 (internal quotation marks omitted).

## II.   Intrinsic Evidence.

The Tenth Circuit has explained, "[w]hen we apply Rule 404(b), we distinguish between evidence that is extrinsic or intrinsic to the charged crime." *United States v. Kupfer*, 797 F.3d

1233, 1238 (10th Cir. 2015) (citing *United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir. 1992), *abrogated on other grounds as recognized in United States v. Bell*, 154 F.3d 1205, 1209-10 (10th Cir. 1998)).  "Evidence of other acts may be inadmissible under Federal Rule of Evidence 404(b), but this rule does not cover evidence that is considered 'intrinsic.'"  *Id.* (citing *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011)).  Evidence is considered "intrinsic" when it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury" and "extrinsic" when it "is extraneous and is not connected or blended with the factual circumstances of the charged offense."  *Id.* (quoting *United States v. Parker,* 553 F.3d 1309, 1314 (10th Cir. 2009)).  The Tenth Circuit considers evidence intrinsic when it is inextricably intertwined with the charged conduct or the evidence is entirely germane background information, directly connected to the factual circumstances of the crime.  *Id.* (internal citations and quotations omitted).  Intrinsic evidence "should be approached with caution."  *United States v. Collins*, 97 Fed. App'x 818, 824 n. 7 (10th Cir. 2004) (unpublished).

### III.    Rule 404(b).

Rule 404(b) provides, in pertinent part:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> …
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).  In weighing the admissibility of evidence under Rule 404(b), the Court must consider four factors:  (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) whether the probative value of the evidence is substantially outweighed by the prejudicial effect, and (4) the court must give a limiting instruction if the defendant so requests.

*Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

## ANALYSIS

### I.   Rule 414.

The Government argues evidence of certain of Defendant's prior, uncharged acts should be admitted at trial under Rule 414.  Dkt. No. 33; Dkt. No. 48 at 2-3.  The Court will first analyze the threshold requirements of admitting evidence pursuant to Rule 414.  *Benally*, 500 F.3d at 1090.

#### A.   The *Benally* Threshold Requirements.

First, Defendant is accused of a crime involving sexual assault or child molestation.  Rule 414 defines "child molestation" as "any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child . . . ."  Fed. R. Evid. 414(d)(2)(A).  The counts outlined in the Indictment encompass conduct prohibited by 18 U.S.C. chapter 109A.  *Compare* Dkt. No. 2 *with* 18 U.S.C. §§ 2241 – 2248.  The first *Benally* requirement is satisfied.

The second *Benally* requirement is that "the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation[.]"  *Benally,* 500 F.3d at 1090.  The Government seeks to introduce the evidence of Defendant touching A.P.'s breasts, touching A.P. between her legs, rubbing A.P.'s breasts and rubbing A.P. between her legs.  *See* Dkt. No. 48 at 2-3.  The alleged prior conduct toward A.P. constitutes abusive sexual contact under 18 U.S.C. chapter 109A.  *See* 18 U.S.C. § 2244.  "Sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]"  18 U.S.C. § 2246(3).  These acts, as described by A.P., constitute sexual contact.  Chapter 109A is listed in the definition of child

molestation in Rule 414.  *See* Fed. R. Evid. 414(d)(2)(A).  Therefore, the evidence of Defendant's alleged prior conduct is "evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation[.]"  *Benally*, 500 F.3d at 1090.  The second *Benally* requirement is satisfied.

The third *Benally* threshold requirement is that "the evidence is relevant."  *Benally*, 500 F.3d at 1090.  The Tenth Circuit has recognized Rule 414 is "based on the premise that evidence of other sexual assaults is highly relevant to prove propensity to commit like crimes."  *United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010) (citing *Enjady*, 134 F.3d at 1431); *see also* 23 Charles Alan Wright et al., FEDERAL PRACTICE AND PROC. EVID. § 5385 (April 2020 update) ("The legislative history makes clear that the drafters and Congress believed that evidence under Rules 413, 414 and 415 is relevant to prove propensity and that this includes the defendant's propensity to commit sexual assault or child molestation.").

The Government argues admission of the evidence is "highly relevant of defendant's propensity to sexually abuse his stepdaughter, as well as his knowledge and absence of mistake." Dkt. No. 33 at 14.  The Government also contends, "the evidence that the defendant perpetrated prior sexual abuse upon A.P. is highly relevant of his motive and intent and that the admission of the evidence would be 'consistent with congressional intent regarding the admission of evidence tending to show the defendant's propensity to commit sexual assault or child molestation.'"  *Id.* The Court agrees.  Defendant allegedly inappropriately touched the same minor victim, A.P., when he was alone with her.  These alleged prior instances are relevant to the charged offenses.  The third *Benally* factor is satisfied.  Having concluded the *Benally* threshold requirements are satisfied, the Court will consider Rule 403 and the *Enjady* factors.  *Benally*, 500 F.3d at 1090

("Even where evidence is determined to be relevant, however, the admissibility of Rule 413/414 evidence is subject to the Rule 403 balancing test . . . .").

### B.  The *Enjady* Factors.

#### i.   How clearly the prior act has been proved.

The first factor that must be considered is how clearly the prior act has been proved. *Enjady,* 134 F.3d at 1433.  The Court must "make a preliminary finding that a jury could reasonably find that the 'other act' occurred by a preponderance of the evidence."  *Benally*, 500 F.3d at 1090; *see also* Dkt. No. 49.  Pursuant to the Court's February 25, 2021 Order [Dkt. No. 49], the Government submitted documents under seal in support of its Notice and Supplemental Notice, including a video interview of A.P. as wells as an FBI 302 report documenting additional statements of A.P.  Dkt. No. 52.  The Court also held a hearing on the Government's Notice and Supplemental Notice on March 1, 2021.  Based upon A.P.'s statements set forth in the FBI 302 report, the Court finds that a jury could reasonably find that the other alleged instances of child molestation occurred by a preponderance of the evidence.

#### ii.   Probative value.

"The second *Enjady* factor is 'how probative the evidence is of the material fact it is admitted to prove.'"  *Mercer*, 653 Fed. App'x. at 627 (quoting *Enjady*, 134 F.3d at 1433).  "In assessing this factor, courts consider five additional subfactors: '(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony.'"  *Id.* (quoting *Benally*, 500 F.3d at 1090-91).

The Court notes that the other acts of child molestation and the charged act are very similar. The acts involve the same alleged victim, similar acts of inappropriate touching and the commission of the acts occurred in the same setting – at home. *See* Dkt. No. 33 at 5. The Government asserted at the hearing that these other instances of touching A.P.'s breasts and inner thigh occurred when A.P. was about 14 years old and, thus, are close in time to the charged conduct. Concerning frequency, the Government asserted at the hearing the prior alleged conduct occurred on multiple occasions. The Government also recognizes there were occasional intervening events where the abuse of A.P. ceased. *Id.* at 20. Ultimately, the Court finds these subfactors weigh in favor of admitting the testimony. *Magnan*, 756 Fed. Appx. at 822. These factors bolster the probative value of the evidence.

As to the last subfactor, the need for the evidence, the Government argues the evidence is needed because Defendant will take the position that A.P. and her mother are lying. Dkt. No. 33 at 16 and 20. The Government does not expand and does not explain why Defendant's defense strategy warrants additional testimony concerning uncharged conduct. As the alleged prior acts relate to the same alleged victim, in the same home and under similar circumstances, the Court finds that such alleged acts are helpful to provide context because they are connected to the charged conduct. The Court finds this factor to be neutral. However, even if the fifth subfactor could be viewed as weighing slightly against the Government, the other four subfactors weigh in favor of admitting the evidence. *See Magnan*, 756 Fed. Appx. at 822 (even though fifth subfactor weighed against admission, the other subfactors weighed in favor of admission satisfying the second *Enjady* factor). The Court finds that the evidence of Defendant's prior conduct towards A.P. to be sufficiently probative.

###### iii.   How seriously disputed the material fact is.

Third, the Court must consider how seriously disputed the material fact is.  *Mercer*, 653 Fed. Appx. at 628 (quoting *Enjady*, 134 F.3d at 1433).  The Government contends Defendant will take the position that A.P. and her mother are lying and/or that Defendant gave "innocent" back and leg rubs to A.P.  Dkt. No. 33 at 16 and Dkt. No. 38 at 2.  Defendant denies he is guilty.  Dkt. No. 11.  "The more seriously disputed the material fact, the more heavily this factor weighs in favor of admissibility."  *United States v. Sturm*, 673 F.3d 1274, 1286 (10t Cir. 2012).  Therefore, the Court considers this material fact seriously disputed and the third *Enjady* factor weighs in favor of admission of the evidence.

###### iv.   Less prejudicial evidence.

The next factor is "whether the government can avail itself of any less prejudicial evidence."  *Enjady*, 134 F.3d at 1433.  The Government states it "anticipates that the Defendant will challenge A.P.'s credibility, as well as the credibility of her mother.  The Government asserts that it does not have less prejudicial evidence that it can avail itself of."  Dkt. No. 33 at 17.  The Government cites to *United States v. Koruh*, 210 F.3d 390, 2000 WL 342252 (10th Cir. 2000) (unpublished), and *Benally* to support this factor.

In both *Koruh* and *Benally* the Government put on evidence of other witnesses who had previously been sexually abused by the defendants.  *See Koruh*, 2000 WL 342252 at *1; *Benally*, 500 F.3d at 1088.  The witnesses were now adults.  *See id.*  And the victims of the charged offenses in the cases at bar were minors.  *See id.*  In *Koruh,* the district court admitted the adult witness testimony holding "less prejudicial evidence was insufficient because the testimony of the alleged victims and the alleged perpetrator was in direct conflict . . . ."  *Koruh,* 2000 WL 342252 at *4.  In *Benally*, the adult witness testimony was admitted "because of questions about the credibility of

the child witnesses, there was no other evidence available to the defense that would be less prejudicial." *Benally*, 500 F.3d at 1092.  The Tenth Circuit affirmed the admission of the adult witness testimony in both cases.  *Koruh,* 2000 WL 342252 at *5; *Benally*, 500 F.3d at 1093.

The situation here is not analogous.  The Government is not seeking to put on evidence of other instances of sexual assault against a different victim who is no longer a child.  Therefore, *Benally* and *Koruh* do not support the Government's position.  The Government does not explain how presenting the jury with additional testimony from A.P. will aid the Government in overcoming attacks to A.P.'s credibility.  Since the Government has not fully developed this argument, the Court cannot conclude the Government does not have any less prejudicial evidence. Therefore, this fourth *Enjady* factor weighs against admission of the evidence.

However, the other three *Enjady* factors weigh in favor of admitting the evidence.  The Court concludes the evidence has probative value favoring admission.  This is not the end of the inquiry.  The Court must weigh the *Enjady* factors against the unfair prejudice factors to determine if the evidence should ultimately be admitted.  *Enjady*, 134 F.3d at 1433; *Mercer*, 653 Fed. Appx. at 629.

### C.  Danger of Unfair Prejudice Factors.

To determine if admission of the evidence is unfairly prejudicial, the Court must weigh "'1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.'"  *Mercer*, 653 Fed. App'x. at 629 (quoting *Enjady*, 134 F.3d at 1433).

### i.   Improperly based verdict.

The Government notes it will request a limiting instruction regarding the 414 evidence. Dkt. No. 33 at 17.  The Court will give proper limiting instructions.  Because jurors are presumed to follow the Court's instructions, the Court finds that the evidence of Defendant's other conduct toward A.P. is unlikely to contribute to an improperly based jury verdict.  *See United States v. McHorse*, 179 F.3d 889, 897 (10th Cir. 1999) ("A central assumption of our jurisprudence is that juries follow the instructions they receive.").

### ii.   Distract the jury.

Next, the Court does not find that the evidence will distract the jury from the central issues at trial.  This is not a case where evidence involving separate victims/witnesses will be presented to the jury.  Additionally, any risk of jury distraction can be minimized by the limiting instruction and the Government efficiently presenting A.P.'s testimony.

### iii.   Time consuming.

The Government states "the evidence can be presented during the direct examination of A.P."  Dkt. No. 33 at 18.  The evidence does not require additional witnesses; the Court does not find that the evidence of other acts of child molestation will be unnecessarily time consuming.  In all, the unfair prejudice factors do not support excluding the evidence.  Any concerns regarding an improperly based jury verdict, a distracted jury and the evidence being unnecessarily time consuming are easily dispelled.  None of these factors overcome the *Enjady* factors weighing in favor of admission.

### D.  Rule 403 Balancing Test.

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court has analyzed the uncharged conduct toward A.P. and its probative value: it demonstrates propensity, knowledge, absence of mistake, motive and intent. The evidence is prejudicial but it is not unfairly so. [3] The evidence will not confuse the issues nor will the evidence mislead the jury because the Court will provide limiting instructions that the jury consider the evidence only for matters to which it is relevant. The evidence will not cause undue delay and will not waste time, because it does not require additional witnesses. Finally, the evidence is not cumulative, because it involves separate instances of Defendant's conduct towards A.P. The Court finds that the evidence that "one time [Defendant] touched [A.P.'s] breast and A.P. told him not to;" "the defendant started touching her between her legs;" "Defendant would usually enter the room wearing a robe and rub her breasts and between her legs;" and "on June 26, 2019, the defendant had just finished rubbing her breasts when her mother caught [Defendant] rubbing his hand between her legs" [Dkt. No. 48 at 2-3] are admissible instances of other child molestation under Rule 414, and the evidence's probative value is not substantially outweighed by the danger of unfair prejudice.

---

[3] The Tenth Circuit has acknowledged:

> Rule 414 evidence will almost always have a profound impact on the jury and cause it to feel disgust toward the defendant. Congress knew this when it enacted Rule 414, and intended to allow a fairly broad range of evidence to show the defendant's propensity—even stating that the rules "establish[ed] a general presumption that evidence of past similar offenses in sexual assault and child molestation cases is admissible at trial." 140 Cong. Rec. S12,990–01 ("In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant—a sexual or sado-sexual interest in children—that simply does not exist in ordinary people.").

*Mercer*, 653 Fed. Appx. at 629.

## II.      Intrinsic Evidence.

The Government contends there are other acts that should be admitted because the evidence is res gestae of the case.  Dkt. No. 48 at 4.  Pursuant to this theory, the Government contends the following evidence should be admitted:

1.  A.P. said that the defendant had been coming into her bedroom in the mornings to tell her bye before he left for work.  A.P. said that the defendant used lotion sometimes to rub her back.

2.  A.P. also reported that when she was younger, the defendant would have her sit on his lap while he was wearing a robe, he would say, "I love you" and he would touch her leg.

3.  The defendant touched her on top of her underwear after he had taken her pants off.

4.  The defendant also removed her bra.

5.  The defendant would take her clothes off or make her take her clothes off and then play a game called, "catch me," in which he would chase her around the house grabbing and tickling her.

6.  A.P. also reported that when she was little, the defendant would not let her use the bathroom with the door closed.

7.  When she was little, the defendant was always grabbing and pinching her butt.

8.  Also when she was little, if she was crying [Defendant] would stick his thumb down her throat until she stopped crying.

9.  A.P. said that the defendant would wrestle with her, holding her down.  He would hold her arms above her head and sit on her.  He would tickle her up her side underneath her shirt.  She would scream and the defendant would yell at her.

10.  A.P. threatened to tell her mother, but the defendant said he would kill her dog if she told.

11.  The defendant also called her names like, "stupid little bitch" and "asshole."

12.  Sometimes she slept only in her bra and underwear and sometimes with no bra.  A.P. slept in the hottest room of the house and the defendant would not let her leave the fan on at night.

*Id.* at 5-7.

Using the tests for intrinsic evidence outlined in *Kupfer*, 797 F.3d at 1238, the Court will consider the Government's proposed evidence.  Evidence is considered intrinsic when it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury."  *Kupfer*, 797 F.3d at 1238.  The Tenth Circuit has held that evidence can be intrinsic even if it occurred over a period of several years prior to the charged offense.  *See Collins*, 97 Fed. App'x at 823-34; *see also Regalado*, 2019 WL 5783730, at *11 (holding prior acts that occurred two years prior to indicted conduct were intrinsic).

Here, the Government argues these acts are intrinsic because "[a]ll of the perpetrator's words and actions, taken together, can therefore provide the context for the crime and can become inextricably intertwined with the abuse itself."  Dkt. No. 48 at 4.  The Court agrees most[4] of the conduct outlined in the Supplemental Notice [Dkt. No. 48 at 5-7] is inextricably intertwined with the charged conduct and provides germane background information directly connected to the factual circumstances of the crime.  *Kupfer*, 797 F.3d at 1238.  The conduct involves the same minor, occurred in the same setting and the alleged acts and instances provide the jury with background information and insight into A.P.'s relationship with the Defendant.  Defendant's alleged actions are inextricably intertwined with the charged conduct.  The Court finds that the evidence outlined in the Supplemental Notice [Dkt. No. 48 at 5-7] (except the evidence listed in footnote 4) is intrinsic to the crime and is admissible.

---

[4]  The Court concludes Defendant sticking his thumb down A.P.'s throat until she stopped crying and calling A.P. names like, "stupid little bitch" and "asshole" are not intrinsic to the charged crimes and are irrelevant.  The Court will not permit this evidence to be admitted.

### III.    Rule 404(b).

The Government also seeks admission of four "other acts" pursuant to Rule 404(b) of the

Federal Rules of Evidence.  Dkt. No. 48 at 3.  The Government seeks to introduce evidence that:

> 1.  Defendant came into A.P.'s bedroom in the mornings to tell her bye before he left for work.  Defendant used lotion sometimes to rub her back.
>
> 2.  A.P. reports when she was younger, the defendant would have her sit on his lap while he was wearing a robe, he would say, "I love you" and he would touch her leg.
>
> 3.  The defendant touched her on top of her underwear after he had taken her pants off.
>
> 4.  Defendant removed A.P.'s bra.

*Id.*  The Government states the evidence is admissible as "evidence of Defendant's motive,

opportunity, intent, preparation, plan, knowledge and absence of mistake or accident."  *Id.*  The

Government seeks to introduce these same acts as intrinsic to the charged crimes.  *Id.* at 4-5.  Rule

404(b) does not apply to intrinsic evidence.  *Collins*, 97 Fed. App'x at 824 ("Rule 404(b) only

applies to evidence of acts extrinsic to the charged crime.").  Therefore, the Court will consider

the Government's position as an alternative means to admit these four acts.

The Court must consider four factors:  (1) whether the evidence is offered for a proper

purpose, (2) its relevancy, (3) whether the probative value is substantially outweighed by its

prejudicial effect, and (4) the court must give a limiting instruction if the defendant so requests.

*Huddleston,* 485 U.S. at 691.

To the extent Rule 404(b) could be determined applicable, the Court finds that the evidence

the Government seeks to introduce pursuant to Rule 404(b) shows motive, opportunity, intent,

preparation, plan, knowledge and absence of mistake.  The evidence as to Defendant's other

actions toward A.P. demonstrates his motive and intent to engage in the conduct charged in the

Indictment.  If Defendant previously rubbed A.P.'s back using lotion, sat her on his lap when she

was young to say "I love you" and touched her leg, removed her pants and bra and touched her on top of her underwear, it could explain Defendant's motive to engage in similar, inappropriate conduct when she was alone in her bedroom on the dates charged in the Indictment.  If Defendant regularly came into A.P.'s bedroom in the middle of the night before he left for work, removed her clothes or touched her inappropriately, this evidence establishes intent, knowledge, absence of mistake and plan.  This evidence also establishes Defendant had the opportunity and access to A.P. in the middle of the night on prior occasions and likely had a similar opportunity on the dates of the charged conduct.  The evidence of Defendant's prior, uncharged conduct is offered for a proper purpose.

As to relevance, Rule 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401.  Evidence of Defendant coming into A.P.'s bedroom and rubbing her back, removing her clothing and touching her on top of her underwear on occasions not charged in the Indictment is relevant because it makes it more probable that Defendant engaged in the same conduct charged in the Indictment.  Moreover, the evidence is relevant because it demonstrates motive, opportunity, intent, preparation, plan, knowledge and absence of mistake.

Weighing the evidence's prejudicial danger, the Court finds that the probative value of the evidence is not substantially outweighed by unfair prejudice.  While the evidence is prejudicial, it is not unfairly so.  The evidence is proper to show motive, opportunity, intent, preparation, plan, knowledge and absence of mistake.  Admission of the evidence will not confuse the issues and it will not waste time, because it is central to the Government's case-in-chief and does not require

additional witnesses.  Nor is the evidence cumulative because it covers alleged instances different from the testimony related to the indicted conduct.

Additionally, if requested, the Court will instruct the jury to consider the evidence only for the proper purposes of demonstrating motive, opportunity, intent, preparation, plan, knowledge and absence of mistake.  *See United States v. Nance*, 767 F.3d 1037, 1042 (10th Cir. 2014) ("the probative value of this evidence . . . [is] not substantially outweighed by its potential for unfair prejudice because the Court [will], upon defen[dant's] request, instruct jurors to consider the evidence only for the limited purposes for which it [is] admitted.").

Therefore, the Court finds that the evidence of Defendant coming into A.P.'s bedroom in the morning to tell her bye and using lotion to rub her back, when she was younger, having A.P. sit on his lap while he was wearing a robe and touching her leg, removing her bra and pants and touching her on top of her underwear is admissible under Rule 404(b) to demonstrate motive, opportunity, intent, preparation, plan, knowledge and absence of mistake.

## CONCLUSION

**IT IS THEREFORE ORDERED** the evidence outlined in the Government's Supplemental Notice [Dkt. No. 48] is admissible for the reasons stated herein.  As stated in footnote 4, the Government is not permitted to introduce evidence of Defendant sticking his thumb down A.P.'s throat or calling her names like, "stupid little bitch" and "asshole."

DATED this 1st day of March, 2021.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE